**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO VASQUEZ, | ) |
|     Plaintiff, | ) Case No.: 1:24-cv-11209 |
| | ) |
|     v. | ) |
| | ) |
| VILLAGE OF POSEN, a municipal corporation, | ) |
| VILLAGE OF POSEN CORPORAL RICHARD | ) |
| SCHALL, STAR #54, VILLAGE OF POSEN | ) |
| POLICE OFFICERS EDUARDO GONZALEZ | ) |
| STAR #34, OSVALDO CARMONA STAR #12; | ) |
| FERNANDO ARROZAL, STAR #51 in their | ) |
| Individual capacity | ) |
|     Defendants. | ) |

**COMPLAINT**

Plaintiff, MARIO VASQUEZ, by and through his attorney, Danielle Pinkston of PINKSTON LAW GROUP, P.C., files this Complaint against Defendants Village of Posen, a municipal corporation, Village of Posen Corporal Richard Schall, Star #54; Village of Posen Police Officers Eduardo Gonzalez Star #34, Osvaldo Carmona Star #12, and Fernando Arrozal, Star #51, and states as follows:

**JURISDICTION AND VENUE**

1. This civil action arises under 42 U.S.C. § 1983. The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

3. Plaintiff, MARIO VASQUEZ, is a citizen of the State of Illinois, residing in Cook County.

1

4. Defendant Village of Posen Corporal Richard Schall, Star #54; Village of Posen Police Officers Eduardo Gonzalez Star #34, Osvaldo Carmona Star #12, and Fernando Arrozal, Star #51, at all times relevant to this Complaint, were officers of the Village of Posen Police Department and were acting under color of state law within the scope of employment. Defendants Village of Posen Corporal Richard Schall, Star #54; Village of Posen Police Officers Eduardo Gonzalez Star #34, Osvaldo Carmona Star #12, and Fernando Arrozal, Star #51, are sued in their individual capacity.

5. At all times relevant hereto, Defendant Village of Posen is a local government in Illinois created and existing by virtue of the laws of Illinois. The Village of Posen Department is a Department of the Village of Posen. Defendant Village of Posen employs the personnel of its Police Officers Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the Village of Posen Police Officers Department. Defendant Village of Posen has established policies and procedures for its Police Officers Department and other relevant provisions. The acts and/or omissions alleged in this Complaint were under color of authority, color of state law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the Village of Posen. The Village of Posen is the employer of each of the Defendant Police Officers Officer and is liable for the actions of its employees.

## FACTUAL ALLEGATIONS

6. On October 9, 2023, Plaintiff was lawfully present at T's Oasis, located in the Village of Posen.

7. Plaintiff had a brief verbal argument with another patron over the television.

2

8. At no time during the argument did the Plaintiff or the other individual engage in a physical altercation, nor were any laws broken.

9. At no time did Plaintiff exhibit disorderly conduct, aggression, nor did he make verbal threats or assault patrons.

10. Shortly thereafter, a 911 call was made by an unknown party.

11. As Plaintiff was exiting the bar to leave the premises, he encountered Defendant Village of Posen Corporal Richard Schall, Star #54; Village of Posen Police Officers Eduardo Gonzalez Star #34, Osvaldo Carmona Star #12, and Fernando Arrozal, Star #51, who had just arrived at the scene.

12. Defendant Gonzalez asked Plaintiff what had transpired, and he truthfully explained that it was nothing more than a verbal disagreement.

13. A few minutes later, Defendant Corporal Schall, arrived and entered the bar to speak with the individual who had made the 911 call.

14. Defendants Schall and Carmona met with Urquijo and Tatiana.

15. While the officer in charge was inside, Defendant Gonzalez requested Plaintiff's identification.

16. Illinois does not have any "passport" or "identification laws."

17. Plaintiff, knowing that no crime had occurred, declined to provide his identification.

18. Despite his refusal, Plaintiff cooperated fully with the officers and continued to explain that he had done nothing wrong.

19. When Defendant Schall returned, he confirmed that nothing had happened inside and was prepared to leave the scene.

20. However, after hearing that Plaintiff had declined to provide identification, Defendant Schall asked Plaintiff for identification again.

21. Once again, Plaintiff exercising his right not to provide it, declined.

22. At this point, Defendant Schall told Plaintiff he was in custody and instructed Defendant Eduardo Gonzalez to arrest Plaintiff for "obstruction with identification."

23. Without any legal justification, probable cause, or reasonable suspicion, Plaintiff was arrested by Officer Eduardo Gonzalez.

24. Plaintiff was placed in handcuffs by Defendant Gonzalez, taken into custody, and transported to the police station where he was booked and charged with this baseless offense.

25. A third-party witness who observed the events confirmed that Plaintiff was not at fault and that the individual responsible for the disturbance was another patron who remained inside the bar.

26. Plaintiff was detained for a few hours and was released.

27. Defendant Gonzalez drafted a criminal complaint with false charges against Plaintiff, leading to criminal proceedings under case number 23600485301 in the Cook County Court, in which Plaintiff was wrongfully prosecuted for a charge of "Obstruction Identification."

28. Plaintiff maintained his innocence and on October 30, 2024, the charge was dismissed and has bot not been refiled to date.

**COUNT I: Fourth Amendment, 42 U.S.C. § 1983**
**False Arrest**
(Plaintiff Against Defendants Schall and Gonzalez)

29. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

30. The actions by the Defendant Corporal Schall and Eduardo Gonzalez, in falsely detaining and arresting the Plaintiff without reasonable suspicion or probable cause, violated

Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

31. The misconduct of the Defendants Schall and Gonzalez was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

32. The aforesaid misconduct of the Defendants Schall and Gonzalez directly and proximately resulted in the unjust and wrongful arrest of Plaintiff.

33. As a direct and proximate result of the Defendants Corporal Schall and Eduardo Gonzalez's conduct, Plaintiff suffered and continue to suffer harm, including humiliation, alienation, pain, emotional distress, anxiety, fear, loss of liberty, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life and/or violations of his statutory rights.

**COUNT II – Fourth Amendment, 42 U.S.C. § 1983**
**False Imprisonment**
(Plaintiff Against Defendant Gonzalez)

34. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

35. The Plaintiff was restrained in handcuffs by Eduardo Gonzalez.

36. The Defendant Gonzalez acted without having reasonable grounds to believe that the plaintiff committed an offense.

37. The actions by the Defendant Gonzalez in falsely imprisoning the Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

38. The misconduct of the Defendant Gonzalez was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

39. The aforesaid misconduct of the Defendant Gonzalez directly and proximately resulted in the unjust and wrongful imprisonment of Plaintiff.

40. As a direct and proximate result of the Defendant Eduardo Gonzalez's conduct, Plaintiff suffered and continue to suffer harm, including humiliation, alienation, pain, emotional distress, anxiety, fear, loss of liberty, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life and/or violations of his statutory rights.

**COUNT III – Fourth Amendment, 42 U.S.C. § 1983**
**Failure of Bystander Officers to Intervene in Unconstitutional Conduct**
(Plaintiff Against Defendants Osvaldo Carmona and Fernando Arrozal)

41. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

42. As alleged in Counts I-II, Defendants violated Mr. Vasquez 's constitutional rights.

43. The bystander Defendants Osvaldo Carmona and Fernando Arrozal who were present but did not participate in the violations of Mr. Vasquez's constitutional rights knew that the other Defendants were about to violate and violated Mr. Vasquez's constitutional rights.

44. The bystander Defendants Carmona and Arrozal had a realistic opportunity to do something to prevent harm from occurring to Mr. Vasquez.

45. The bystander Defendants Carmona and Arrozal failed to take reasonable steps to prevent harm from occurring to Mr. Vasquez.

46. The bystander caused Mr. Vasquez to suffer harm.

47. As a direct and proximate result of the Defendants' failure to act, Plaintiff suffered and continue to suffer harm, including humiliation, alienation, pain, emotional distress, anxiety, fear, loss of liberty, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life and/or violations of his statutory rights.

**COUNT IV – 42 U.S.C. § 1983**
**Monell Policy Claims**
(Plaintiff Against The Village of Posen)

48. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

49. Plaintiff hereby incorporate all other paragraphs of this Complaint as if fully stated herein.

50. The individual Defendant Police Officers' actions deprived Plaintiff of his Constitutional rights and were all undertaken under pursuant to the policy, practice, and custom of Defendant The Village of Posen's Police Department.

51. In establishing its procedures, Defendant The Village of Posen, has a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that create a substantial likelihood that persons, such as Plaintiff, would be subjected to by Defendant The Village of Posen Police Officers' misconduct.

52. Likewise, Defendant, The Village of Posen has a duty to refrain from enforcing or continuing in effect policies and procedures that cause persons, such as the Plaintiff, to be treated with reckless indifference by its agents, servants, and employees.

53. At all times material to this complaint the Defendant The Village of Posen, and its Police Department, Superintendents, Personnel Division and/or Police Board had interrelated defacto policies, practices, and customs that were the moving force of themisconduct described in this Complaint.

54. Then named Defendants' misconduct was undertaken pursuant to one or more interrelated defacto policies, practices and/or customs of The Village of Posen, its Police Department, Personnel Division, and/or Superintendents are guilty of one or more of the following wrongfully acts or omissions:

    a. Failing to properly hire, train, supervise The Village of Posen, Police Officers;

b. Failing to properly train and supervise The Village of Posen's Police Officers;

c. Refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning it; thereby leading The Village of Posen's Police Officers to believe their actions will never be scrutinized and in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, The Village of Posen Police Officers accused of violating citizens' constitutional rights can be confident that no one will adequately investigate those accusations and The Village of Posen Police Department will refuse to recommend discipline even where the Officer has engaged in violating citizens' constitutional rights;

d. Failing to retrain and/or otherwise control Police Officers who engage in violating citizens' constitutional rights;

e. Failing to establish appropriate policies and procedures to address and correct the repeated violations of citizens' constitutional rights by Police Officers;

f. Inadequately and/or failing to independently and adequately investigate complaints or allegations of violations of citizens' constitutional rights and of other types of misconduct by fellow Police Officers against civilians to protect fellow officers from disciplinary, criminal and civil actions in violation of civilian rights and privileges;

g. Covering up the criminal and/or wrongful activities of fellow Police Officers, by falsely reporting, falsely or improperly investigating, and being dishonest in violation of the rights and privileges of civilians including Plaintiff;

h.  Tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights, including the right to be free of interference with their rights;

i.  Allowing the continuance of violations of citizens' constitutional rights and effect of policies and procedures which resulted in violations of citizens' constitutional rights against civilians, including Plaintiff;

j.  As a matter of both policy and practice, The Village of Posen Police Department facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of its agents, servants, and employees in its Police Department;

k.  Allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, in cases where they and their fellow officers have violated citizens' constitutional rights;

55. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer harm, including humiliation, alienation, pain, emotional distress, anxiety, fear, loss of liberty, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life and/or violations of his statutory rights.

**COUNT V: Article I, Section 6 of the Illinois Constitution**
(Plaintiff Against Defendants Schall and Gonzalez)

56. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

57. Defendants unreasonably and unlawfully arrested, detained, searched Mr. Vasquez.

58. The actions of the Defendants described herein violated the rights of Mr. Vasquez to be free from unreasonable searches, seizures, and invasions of privacy as guaranteed by Article I, Section 6 of the Illinois Constitution.

**COUNT VI: State Tort of False Imprisonment**
(Plaintiff Against Defendant Gonzalez)

59. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

60. Defendants unreasonably and/or unlawfully restrained Mr. Vasquez's personal liberty against his will.

61. Defendants intended to restrain Mr. Vasquez.

62. Based upon the foregoing, Defendants are liable for the Illinois common law tort of false imprisonment.

**COUNT VII: State Tort of False Arrest**
(Plaintiff Against Defendants Schall and Gonzalez)

63. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

64. Defendants restrained and/or arrested Mr. Vasquez.

65. Defendants did not have reasonable grounds to believe that Mr. Vasquez had committed an offense.

66. Based upon the foregoing, Defendants are liable for the Illinois common law tort of false arrest.

10

## COUNT VIII: State Tort of Intrusion on Seclusion
(Plaintiff Against Defendants Schall and Gonzalez)

67. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

68. Defendants intentionally invaded Mr. Vasquez's seclusion when they arrested, searched, and detained him without reasonable suspicion, probable cause, consent, or other lawful justification.

69. Defendants' actions would be highly offensive to any reasonable person.

70. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

71. The matter intruded upon was private.

72. Based upon the foregoing, Defendants are liable for the Illinois common law tort of intrusion upon seclusion.

73. As a direct and proximate result of the Defendants intrusions, Plaintiff suffered and continue to suffer harm, including humiliation, alienation, pain, emotional distress, anxiety, fear, loss of liberty, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life and/or violations of his statutory rights.

## COUNT IX – State Law Claim Malicious Prosecution
(Plaintiff Against All Named Defendants)

74. Plaintiff re-alleges and incorporates paragraphs 1-28 as though fully set forth here.

75. The Defendant Officers all played significant roles in the prosecution of the Plaintiff.

76. They accused the Plaintiff of criminal activity, they fabricated, knowing the accusations to be without genuine probable cause, and they made statements with the intent of exerting influence and to institute and continue the judicial proceedings.

77. The Defendant Officers assisted each other in the prosecution of the Plaintiff by making

11

police reports.

78. The named Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

79. These judicial proceedings were instituted and continued maliciously, resulting in injury to the Plaintiff.

80. The false oral and written statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that said statements were false.

81. The Defendant Officers fabricated evidence that Plaintiff committed a crime.

82. The Defendant Officers were aware that, as described more fully above, no true or reliable evidence implicated the Plaintiff.

83. The Defendant Officers intentionally misrepresented facts that further vitiated probable cause against the Plaintiff as set forth above.

84. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others, including the Plaintiff.

85. On October 30, 2023, the charge against the Plaintiff was nolle prose and the prosecution terminated in Plaintiff's favor, indicative of his innocence.

86. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continue to suffer harm, including humiliation, alienation, pain, emotional distress, anxiety, fear, loss of liberty, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life and/or violations of his statutory rights.

### COUNT X –Respondeat Superior
(Plaintiff Against Defendant The Village of Posen)

87. Each paragraph of this Complaint is incorporated as if restated fully herein.

88. In committing the acts alleged in the preceding paragraphs, each of the Defendant Police

Officers were members of and agents of The Village of Posen, acting at all relevant times within the scope of their employment and under color of law.

89. Defendant The Village of Posen is liable as principals for all torts committed by its agents.

**COUNT XI –Indemnification**
(Plaintiff Against Defendant The Village of Posen)

90. Each paragraph of this Complaint is incorporated as if restated fully herein.

91. Pursuant to Section 10/9-109 of the Illinois Local Government and Government Employees Tort Immunity Act, public entities are required to pay any tort judgment for compensatory damages against an employee acting within the scope of his or her employment. 745 ILCS 10/9-102.

92. The Defendant Police Officers were employees of The Village of Posen, who acted within the scope of their employment in committing the misconduct described herein.

93. Therefore, Defendant The Village of Posen, is liable as an employer for the Defendant Police Officers for any resulting damages or award of attorney's fees.

**JURY DEMAND**

94. Plaintiff, Mario Vasquez hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, MARIO VASQUEZ, respectfully requests the following relief:

A. A declaratory judgment that Defendants violated Mr. Vasquez's right to be free from unreasonable searches, seizures, and invasions of privacy guaranteed by the Fourth Amendment of the United States Constitution and Article I, Sections 6 of the Illinois Constitution.

B. Compensatory damages, in an amount to be ascertained at trial

C. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

D. Costs of suit;

E. Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988 and the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 *et seq.*

F. Pre- and post-judgment interest as permitted by law; and

G. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Dated: October 30, 2024,

Respectfully submitted,
**PINKSTON LAW GROUP, P.C.**

/s/ Danielle A. Pinkston

_____

Danielle A. Pinkston
Attorney for: MARIO VASQUEZ
54 North Ottawa Street, Suite #110
Joliet, IL. 60432
Office: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com

14