UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF POSEN, *et al.*,<br><br>Defendants. | No. 24 C 11209<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Mario Vasquez brings this action against the Village of Posen ("Village"), Village Police Corporal Richard Schall, and Village Police Officers Eduardo Gonzalez, Osvaldo Carmona, and Fernando Arrozal (collectively, "Defendants") in connection with his arrest and prosecution for obstructing identification. Defendants move to dismiss certain claims under Federal Rule of Civil Procedure 12(b)(6). R. 15. For the following reasons, that motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual

1

allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

On October 9, 2023, Vasquez had a verbal argument with another patron of T's Oasis in Posen, Illinois. R. 1 ¶¶ 6, 7. Shortly thereafter, someone called 911. *Id.* ¶ 10. As Vasquez was leaving, he encountered Corporal Schall and Officers Gonzalez, Carmona, and Arrozal, who had just arrived. *Id.* ¶ 11. While Corporal Schall and Officer Carmona spoke to individuals inside the bar, Officer Gonzalez asked for Vasquez's identification, but Vasquez refused. *Id.* ¶¶ 13–15, 17. When Corporal Schall returned outside, he confirmed that nothing had occurred inside and was prepared to leave. *Id.* ¶ 19. But upon hearing that Vasquez declined to provide identification, Corporal Schall asked for Vasquez's identification again. *Id.* ¶ 20. After Vasquez again refused, Corporal Schall told him he was in custody and instructed Officer Gonzalez to arrest Vasquez for "obstruction with identification." *Id.* ¶ 22. Vasquez was placed in handcuffs, transported to the police station, booked, and

2

released a few hours later. *Id.* ¶¶ 24, 26, 27. Vasquez was charged with obstructing identification, and the charge was stricken off with leave to reinstate on October 30, 2023. *Id.* ¶¶ 28, 85; R. 25.

Vasquez brings 42 U.S.C. § 1983 claims for false arrest, false imprisonment, and failure to intervene (Counts I through III) and under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (Count IV); a claim for violating Section 6 of the Illinois Constitution (Count V); state tort claims for false imprisonment, false arrest, intrusion on seclusion, and malicious prosecution (Counts VI through IX); and *respondeat superior* and indemnification claims (Counts X and XI).

## Discussion

Defendants seek dismissal of the *Monell*, Illinois Constitution, and state tort claims. In response to the motion to dismiss, Vasquez concedes that his Illinois Constitution claim and state tort claims for false imprisonment and false arrest (Counts V through VII) are time-barred. *See* R. 23 at 3. Therefore, those claims are dismissed with prejudice, and the Court addresses each of the remaining claims.

I. *Monell*

A government entity can be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. To state a *Monell* claim, Vasquez must plead facts that plausibly suggest that (1) he was deprived of a constitutional right; (2) the deprivation can be traced to some municipal action (i.e., a policy or custom); (3) the policy or custom demonstrates municipal fault (i.e., deliberate indifference); and (4) the municipal

3

action was the moving force behind the violation. *Thomas*, 74 F.4th at 524. As to the second factor, three types of municipal action support *Monell* liability: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (citation omitted).

Vasquez alleges that the Village failed to "properly hire, train, and supervise" officers; allowed a "code of silence" wherein officers refused to report each other's misconduct; and failed to investigate complaints of misconduct, tacitly approved of and covered up unspecified violations of citizens' constitutional rights, and failed to establish "appropriate policies and procedures" to correct that misconduct. R. 1 ¶¶ 54(a)–(k). These generic allegations are insufficient to state a claim. Vasquez does not allege what sort of training the Village failed to provide, or in what respect the hiring or supervision of officers was deficient. Nor does he offer facts linking any failure to properly hire, train, or supervise to his injuries. *See Prince v. Garcia*, No. 22-CV-05703, 2024 WL 4368130, at *10 (N.D. Ill. Sept. 30, 2024) (dismissing failure-to-train *Monell* claim where plaintiff did not define what training the Village failed to provide or plead facts linking that failure to his injuries). Similarly, standing alone, the allegation that the officers who arrested Vasquez did not stop each other from violating his constitutional rights does not plausibly suggest a widespread practice of ignoring police misconduct or a code of silence among the entire Village Police Department. *See Jackson v. Vill. of Just.*, No. 17-CV-07739, 2020 WL 1530734, at *4

(N.D. Ill. Mar. 31, 2020) (allegation that officers in plaintiff's case helped cover up each other's wrongdoing was not enough to plausibly allege code of silence); *see also Hutton v. City of Chicago*, No. 20-CV-03997, 2021 WL 809731, at *4 (N.D. Ill. Mar. 3, 2021) (allegation that police refused to investigate the off-duty police officer who assaulted plaintiff was insufficient to plausibly allege a policy or custom of failing to investigate the criminal conduct of off-duty police officers). Ultimately, Vasquez's complaint lacks the factual content to nudge his *Monell* claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683.

Vasquez says he needs "additional discovery to plead more specifics" because those specifics are "solely in the Defendants' possession." R. 23 at 3. Yet Vasquez has not pled any specifics at all, and he does not even hint at what types of evidence in Defendants' possession would support his claim. Vasquez cannot unlock the doors to broad-based *Monell* discovery by merely pleading the elements of a *Monell* claim. *See Kowalski v. Cnty. of DuPage*, No. 2013 CV 526, 2013 WL 4027049, at *2 (N.D. Ill. Aug. 7, 2013).

For those reasons, the *Monell* claim is dismissed without prejudice. Vasquez has leave to amend his complaint with facts that support such a claim. Or, because discovery is proceeding on the § 1983 claims against the individual Defendants, Vasquez can try to establish the existence of a policy or custom by taking discovery about what the officers personally knew. *See Jackson*, 2020 WL 1530734, at *5 (dismissing *Monell* claim but permitting plaintiff to take discovery "from the ground up" to try to build a viable *Monell* claim).

5

II.  Intrusion on Seclusion

It is unclear whether Vasquez concedes that his intrusion on seclusion claim—like the other arrest-related state tort claims—is time-barred.[1] In any case, the intrusion on seclusion claim is time-barred too. The statute of limitations for state law tort claims against local governments and governmental employees is one year. *Delarosa v. Village of Romeoville*, No. 24-1715, 2024 WL 4523808, at *2 (7th Cir. Oct. 18, 2024) (citation omitted); *see also* 745 ILCS 10/8-101. Vasquez alleges that Corporal Schall and Officer Gonzalez intruded on his seclusion when they arrested, searched, and detained him. R. 1 ¶ 68. That claim accrued on the date of arrest, October 9, 2023. Because the one-year limitations period expired on October 9, 2024, and Vasquez filed this suit on October 30, 2024, the intrusion on seclusion claim is time-barred and thus dismissed with prejudice.[2]

III.  Malicious Prosecution

To succeed on a claim for malicious prosecution under Illinois law, a plaintiff must establish: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence

---

[1] The confusion derives from an apparent typo in Defendants' opening brief. While Defendants argued that Vasquez's "state law arrest related claims (Counts V through VIII) are time barred and should be dismissed," the heading for this part of the brief only referenced Counts V through VII. R. 16 at 5–6. In response, Vasquez used the same heading and stated that he "concedes," without reference to Count VIII. R. 23 at 3.

[2] Because the intrusion on seclusion claim is time-barred, the Court declines to address Defendants' alternative argument for dismissal of that claim.

6

of malice; and (5) damages resulting to the plaintiff." *Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024).

Here, Vasquez does not adequately plead that the criminal proceedings against him have terminated. Although Vasquez alleges that the criminal charge against him was dismissed *nolle prosequi*, the state court records Defendants attached to their motion to dismiss make clear that his case was stricken off with leave to reinstate.[3] "Where a case is stricken with leave to reinstate, the matter remains undisposed of," and "[t]he matter may still be placed on the docket and brought to trial if there is a subsequent motion to reinstate." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459, 213 Ill.2d 94, 100 (Ill. 2004). Accordingly, criminal proceedings against Vasquez do not terminate, and his malicious prosecution claim does not accrue, "until such time as the State [is] precluded from seeking reinstatement of the charges." *Id.* at 462.

To be sure, "criminal charges cannot simply remain pending forever." *Franklin v. Godinez*, No. 22-CV-2886, 2023 WL 8357931, at *3 (N.D. Ill. Dec. 1, 2023). Under the Illinois Speedy Trial Act, once an out-of-custody defendant demands a trial, the trial must be held within 160 days of that demand. 725 ILCS 5/103-5(b). If the trial is not held within 160 days of the demand, the running of that period terminates the criminal proceeding. *Ferguson*, 820 N.E.2d at 461–62. But the 160-day period does not begin until the defendant makes a trial demand. *See Vincent v. Williams*, 664 N.E.2d 650, 653, 279 Ill.App.3d 1, 4 (Ill. App. 1st 1996) ("In the absence of a demand

---

[3] The Court can take judicial notice of public court filings when considering a Rule 12(b)(6) motion. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

7

for immediate trial, the statutory period for bringing a criminal charge to trial does not begin to run.").

Vasquez does not allege that he made a trial demand, nor can the Court draw that inference from the facts alleged in the complaint or the state court records. Indeed, Vasquez does not offer any response to Defendants' argument that his case was stricken off with leave to reinstate and therefore has not terminated. On that basis, the malicious prosecution claim is dismissed without prejudice and with leave to amend. *See Franklin*, 2023 WL 8357931, at *4 (dismissing without prejudice Illinois malicious prosecution claim and allowing plaintiff to amend with allegations that the criminal proceeding had officially terminated).

## Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss is granted. Counts V through VIII are dismissed with prejudice. Counts IV and IX are dismissed without prejudice. If Vasquez believes he can cure the deficiencies described in this opinion, he has leave to file an amended complaint by April 25, 2025.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: March 25, 2025